IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TRELANE HUGH HUNTER,

    Plaintiff,

  v.

MULTNOMAH COUNTY
SHERIFF'S OFFICE, ET AL.,

    Defendant.

No. CV 05-1557-MO

OPINION AND ORDER

**MOSMAN, J.,**

    Mr. Trelane Hugh Hunter waived his right to a jury trial under Federal Rules of Civil Procedure rule 38(b) when he did not demand a jury trial within the ten-day time limit. My discretion to relieve Mr. Hunter of that waiver is narrow. Therefore, I DENY Mr. Hunter's Order Requesting Demand For Jury Trial (#32).

## BACKGROUND

    Mr. Hunter sued Defendants Multnomah County Sheriff's Office, Multnomah County Jail, and several individual deputies (collectively "Multnomah County") for cruel and unusual punishment and due process violations. Without the assistance of an attorney, Mr. Hunter filed a Complaint on October 11, 2005 (#2). The Complaint did not demand a jury trial; however, Mr. Hunter checked the

PAGE 1 - OPINION AND ORDER

box for a jury demand on the civil cover sheet. On March 27, 2006, Multnomah County filed its Answer and Affirmative Defenses (#13). On November 30, 2007, Mr. Hunter served an Order [*sic*] Requesting Demand For Jury Trial (#32), over one year after the last pleading was filed (Multnomah County's Answer and Affirmative Defenses).

## DISCUSSION

### I. Waiver of Jury Trial

A party waives its right to a jury trial if it serves its demand more than ten days after the last pleading was served. *See* Fed. R. Civ. P. 38. To properly demand a jury trial, a party must serve "the other parties with a written demand—which may be included in a pleading—no later than 10 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b)(1). The court will "indulge every reasonable presumption against waiver of the jury trial right . . . and therefore accept jury demands that fall far short of the ideal." *Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1064 (9th Cir. 2005) (internal citation and quotation marks omitted) (finding that plaintiff demanded a jury trial when she requested facts to be "found by a jury" and damages "to be awarded by a jury" in her prayer for relief). But "[a] party waives a jury trial unless its demand is properly served and filed" even if the jury demand is not ideal. Fed. R. Civ. P. 38(d).

In the current case, Mr. Hunter did not demand a jury trial in his Complaint filed on October 11, 2005 (#2), but he did check the jury demand box on his civil cover sheet. On March 27, 2006, Multnomah County served the last pleading, its Answer and Affirmative Defenses (#13). Other than checking the box, Mr. Hunter took no additional steps to demand a jury trial before November 30, 2007. On November 30, 2007, Mr. Hunter served his Order [*sic*] Requesting Demand For Jury Trial (#32). This motion is the only other document Mr. Hunter has filed requesting a jury trial.

Rule 38(b) required Mr. Hunter to serve his demand within ten days of March 27, 2006 to preserve his right to a jury trial. *See* Fed. R. Civ. P. 38(b), (d). Mr. Hunter's motion demanding a

PAGE 2 - OPINION AND ORDER

jury trial was served well after the ten-day deadline. Therefore, I may only look to the jury demand box Mr. Hunter checked on the civil cover sheet to determine if he complied with rule 38(b).

The Ninth Circuit has made clear that "checking the jury demand box on the civil cover sheet is insufficient to meet the requirements of rule 38(b)." *Wall v. Nat'l R.R. Passenger Corp.*, 718 F.2d 906, 909 (9th Cir. 1983). In *Wall*, the plaintiff argued that he complied with rule 38 by checking the jury demand box on the civil cover sheet. *Id.* The Ninth Circuit disagreed because "[t]he civil docket sheet is an administrative document designed to facilitate the court's management of a trial and is not served on the opposing party." *Id.* The civil cover sheet "cannot substitute for proper service under rule 38(b)" because it is not served on the opposing party. *Id.* When Mr. Hunter checked the jury demand box on the civil cover sheet, he did not properly demand a jury trial under rule 38(b). Because Mr. Hunter did not comply with rule 38(b), he waived his right to a jury trial. *See* Fed. R. Civ. P. 38(d).

## II. Relief from Waiver of Jury Trial

If a party waives its right to a jury trial, the case will be tried to the trial court judge. Fed. R. Civ. P. 39(b). Under rule 39(b), the court has discretion to "order a jury trial on any issue for which a jury might have been demanded" if a party moves for a jury trial. *Id.* Rule 39(b) allows the parties to move for a jury trial even if they have waived their right under rule 38(d). But the court's discretion to grant relief under rule 39(b) "is narrow." *Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins., Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001) (holding the attorney's mistake insufficient under rule 39(b) to grant relief from waiver of jury trial because district court's discretion is "narrow").

Rule 39(b) also "does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence. . . . An untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown." *Id.* (citations omitted); *see*

PAGE 3 - OPINION AND ORDER

*also Kletzelman v. Capistrano Unified Sch. Dist.*, 91 F.3d 68, 71 (9th Cir. 1996) (holding that the attorney's lack of knowledge regarding rule 38's ten-day requirement did not permit the district court to grant relief from an untimely demand).  In *Pacific Fisheries*, the plaintiff's attorney misinterpreted a procedural rule and failed to demand a jury trial within the time limit.  *Pac. Fisheries*, 239 F.3d at 1002.  The court rejected the attorney's reasons for the late demand because the attorney's mistake was "still due to inadvertence or oversight."  *Id.*  The court further stated that a "good faith mistake of law is no different than inadvertence or oversight.  Therefore, an untimely jury demand due to a legal mistake does not broaden the district court's narrow discretion to grant the demand."  *Id.* at 1003.

The district court's discretion is so narrow under Rule 39(b), that it cannot offer relief to an unrepresented plaintiff who fails to make a timely demand because "he was unaware of the requirements of the law."  *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *see also Kulas v. Flores*, 255 F.3d 780, 784 (9th Cir. 2001) (holding that an unrepresented plaintiff "waived any right to a jury by failing to file a timely demand as required by rule 38(b)).  In *Zivkovic*, the plaintiff argued that the court should excuse his late demand because "he filed his complaint and was unaware of the requirements of Rule 38(b)."  *Zivkovic*, 302 F.3d at 1087.  The court concluded that even a good faith mistake or unawareness of the law is "no more than inadvertence."  *Id.*  Because a late demand due to inadvertence is insufficient to grant relief from a plaintiff's waiver under rule 38(d) the district court properly denied the plaintiff a jury trial.  *Id.* at 1086.

In the present case, Mr. Hunter was unaware of the time limit imposed by rule 38(b) to demand a jury trial.  Although Mr. Hunter is unrepresented, he is obligated to know the basic requirements of the law, including the procedural rules that apply.  Mr. Hunter's lack of knowledge regarding the time limit to demand a jury trial is a good faith mistake of law.  But a "good faith mistake as to the deadline for demanding a jury trial establishes no more than

inadvertence, which is not a sufficient basis to grant relief from an untimely jury demand." *Id.* Therefore, I lack discretion under rule 39(b) to grant Mr. Hunter a jury trial.

## CONCLUSION

Mr. Hunter waived his right to a jury trial because he did not demand it within the ten-day time limit imposed by rule 38(b). I cannot grant him relief under rule 39(b). Therefore, I DENY Mr. Hunter's Order Requesting Demand For Jury Trial (#32). Mr. Hunter will have a trial without a jury.

IT IS SO ORDERED.

DATED this  5th  day of February, 2008.


/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court